UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RASHAUN DAVON GARNER,              :
                                   :
       Plaintiff                   :
                                   :
   v.                              : CIVIL NO. 3:CV-07-0127
                                   :
WARDEN, SUSQUEHANNA COUNTY         : (Judge Kosik)
PRISON,                            :
                                   :
       Defendant

## MEMORANDUM and ORDER

**Background**

    Rashaun Davon Garner is confined at the Susquehanna County Prison, Pennsylvania. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on January 24, 2007. Named as the sole defendant is the warden at the Susquehanna County Prison. In the complaint Plaintiff states that he is the only black person on his cellblock that is locked down for 23 hours a day. He states that when he tries to speak to the warden, he doesn't say anything in response. He states that he has received several write-ups for no reason when all he wants to do is talk to someone. He further claims that "the guards are on [his] back" for no reason. (Doc. 1, Compl. at 3.) He states that based on the foregoing, he wants to be transferred. In his request for relief, Plaintiff only seeks a transfer out of Susquehanna County to either a

juvenile program or to the Lackawanna County Prison.  For the reasons that follow, Plaintiff will be granted leave to proceed in forma pauperis for the sole purpose of filing the instant action, and his complaint will be dismissed for failure to state a claim.

**Discussion**

Plaintiff filed an almost identical action in this court raising the same types of claims on January 9, 2007.  See Garner v. Warden, Susquehanna County Prison, Civil No. 3:CV-07-0038 (M.D. Pa.).  The action was dismissed pursuant to Section 1915(e)(2) of Title 28 of the United States Code, which provides as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)  Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ."  Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles.  In Rule 12(b)(6) analysis, the court must accept the veracity of a plaintiff's factual allegations. White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  "The test for reviewing a 12(b)(6) motion is whether

2

under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).

In order to ". . . state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995).

In the instant case, Plaintiff complains about being the only black inmate on his block and that he is in lockdown 23 hours a day. He also complains that the guards do not like him, that the warden does not listen to him and that he receives write-ups for no reason. While he fails to provide specific details and allege which individuals are personally involved in the alleged deprivation of his constitutional rights, allowing him to file an amended complaint to cure any deficiencies would be futile for the following reason. While Plaintiff may feel that the guards do not like him, this does not rise to the level of a constitutional violation. Even verbal harassment and threats, alone do not constitute a violation of the Eighth Amendment. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert. denied, 414 U.S. 1033 (1973); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995). Further, Plaintiff's confinement in segregation for approximately two (2) months also fails to state a claim. Under Sandin v. Conner, 515 U.S. 472 (1995), a prisoner has no liberty

3

interest in remaining free of disciplinary segregation. The court reasoned, inter alia, that "[d]iscipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. In Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997), the Court of Appeals for the Third Circuit addressed an action initiated by an inmate who had been held in administrative custody for a prolonged period.  The court applied Sandin and concluded that placement without any type of due process hearing for a period of fifteen (15) months was not an atypical and significant hardship.  Furthermore, the inmate's "commitment to and confinement in administrative custody did not deprive him of a liberty interest and that he was not entitled to procedural due process protection." Id. at 708.  It added that prolonged confinement in administrative custody was not cruel and unusual punishment.  Id. at 709.  Thus, Plaintiff's claim of confinement in segregation does not state a claim.  He does not set forth any allegations that the conditions to which he is subjected in segregated confinement are an atypical and significant hardship.

More importantly, even if the court liberally construed his complaint to raise viable claims of racial discrimination, the sole request for relief is Plaintiff's desire to be transferred to a different prison or a juvenile facility.  He does not request damages or any type of injunctive relief. It is well established that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison.  Olim v. Wakinekona,

4

461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, reh'g denied, 429 U.S. 873 (1976).   The complaint, therefore, is subject to dismissal.

**ACCORDINGLY, THIS 30th DAY OF JANUARY, 2007, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff is granted leave to proceed in forma pauperis for the sole purpose of filing this action.

2. The complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Any appeal taken from this Order will be deemed frivolous, lacking in good faith and without probable cause.


                                                      s/Edwin M. Kosik  
                                                      United States District Judge